United States District Court
For the Northern District of California

1

2

3

4

5                     IN THE UNITED STATES DISTRICT COURT

6                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    DENISE E. LINSKY,                          No. C 09-03720 SI

9              Plaintiff,                        **ORDER GRANTING DEFENDANT'S
                                                 MOTION TO DISMISS**
10      v.

11   MICHAEL J. ASTRUE,

12             Defendant.
     _____/
13

14          Currently before the Court is defendant's motion to dismiss for lack of jurisdiction.  For the

15   reasons discussed below, the Court GRANTS the motion to dismiss.

16

17                                    **BACKGROUND**

18          Plaintiff Denise Linsky filed an application for disability benefits on September 27, 2004.  Her

19   claim was denied at the initial and reconsideration stages, but an Administrative Law Judge ("ALJ")

20   granted a partially favorable decision on June 29, 2006.  *See* Case No. 07-3482 SI, Docket No.16 at 1-2.

21   After the Appeals Council denied review, plaintiff appealed the adverse portion of the ALJ's ruling to

22   this Court.  *Id.* at 2.  On May 20, 2008, this Court reviewed the claim and remanded the case for further

23   administrative proceedings.  *Id.* at 14.

24          The Appeals Council remanded the case to an ALJ for further proceedings and a hearing was

25   held on January 13, 2009.  *See* Declaration of Dennis V. Ford, Ex 1.[1]  On April 29, 2009, the ALJ issued

26   a revised opinion, which found that plaintiff is not disabled and not entitled to disability benefits.  On

27   _____

28          [1]  Both parties attach copies of documents from plaintiff's official social security file to
     declarations and pleadings.  The Court will take judicial notice of these documents.

May 13, 2009, plaintiff filed a "Request for Review" of the ALJ's decision with the Appeals Council. Ford Decl., Ex. 2. On August 13, 2009, plaintiff filed an action in this Court seeking judicial review of the ALJ's April 2009 decision. Both parties admit that as of this date, the Appeals Council has not accepted or denied plaintiff's May 13, 2009 request for review. Defendant now moves to dismiss the complaint for lack of jurisdiction in light of plaintiff's failure to exhaust her administrative remedies.

**DISCUSSION**

Defendant argues that plaintiff's complaint must be dismissed because until the Appeals Council either denies review or assumes jurisdiction, the ALJ's April 2009 decision is not final and not subject to this Court's review.[2] Defendant relies on 20 C.F.R. section 404.984 which provides that a claimant dissatisfied with an ALJ's ruling following a remand from district court has two options: she can either pursue further administrative remedies by filing "written exceptions" to the ALJ decision, setting forth her reasons for disagreeing with the ALJ's decision; or, assuming that the Appeals Council does not assume jurisdiction on its own initiative, she can file a complaint in district court. *See* 20 C.F.R. §§ 404.984.[3]

Defendant argues that as plaintiff filed a timely request for review with the Appeals Council, she chose a course of further administrative review and she must now wait for the Appeals Council to act before she can proceed to district court. Defendant equates filing a request for review with the filing of written exceptions under the regulations. Motion at 5:5-7. The defendant notes that the Appeals Council can act on plaintiff's request by either denying review ("explaining why no change in the decision of the administrative law judge is warranted") or by granting the request and assuming jurisdiction (issuing a "new, independent decision"). *See* 20 C.F.R. §§ 404.984 (b)(2), (b)(3). If the Appeals Council denies plaintiff's request for review, it will leaves the ALJ's decision undisturbed and

---

[2] This Court may only review final decisions of the Commissioner. *See, e.g., Califano v. Sanders*, 430 U.S. 99, 108 (1977) (judicial review is limited to review of the "final decision of the [Commissioner] made after a hearing.").

[3] Where a claimant is seeking review of an adverse ALJ decision in the first instance, a claimant must exhaust her remedies by seeking Appeals Council review. However, where the ALJ is issuing a decision following remand from a district court, the claimant need not go to the Appeals Council again, and may proceed directly to district court. *Compare* 20 C.F.R. § 404.900 *with* § 404.984(d).

the ALJ's decision will become "the final decision of the Commissioner after remand."  20 C.F.R. § 404.984(b)(2). If the Appeals Council assumes jurisdiction, the Appeals Council will issue a subsequent "new, independent decision" that will be the "final decision of the Commissioner after remand."  20 C.F.R. § 404.984(b)(3).

Plaintiff first appears to argue that the decision of the ALJ on remand *is* automatically the final decision unless and until the Appeals Council accepts jurisdiction.  *See* Opposition at 3:12-18. However, this argument ignores that plain text of the applicable regulations which provide that if written exceptions are filed, the final decision is either the ALJ's determination *after* the Appeals Council concludes there is no need to change the ALJ's decision (§ 404.984(b)(2)) or the Appeals Council's decision if the Council assumes jurisdiction and issues a new decision. (§ 404.984(b)(3)).  Similarly, under section 404.984(e), if "no exceptions are filed and the Appeals Council does not assume jurisdiction, the decision of the administrative law judge becomes the final decision of the Commissioner."

Moreover, this argument was rejected by a court in this district in *Duggan v. Astrue*, No. 09-4514 NVJ, 2010 U.S. Dist. LEXIS 57839 (N.D. Cal. May 19, 2010).  There, the Court held that where a plaintiff filed timely written exceptions with the Appeals Council to an ALJ's decision on remand, the plaintiff "is obligated to wait for notice of the Appeals Council's action" before proceeding to district court.  *Id*. at *5.  As the Appeals Council had not taken action on plaintiff's written exceptions, the Court dismissed the complaint for failure to exhaust administrative remedies.  *Id*. at *5-6.

Plaintiff also appears to argue that while she filed an "appeal" of the ALJ decision to the Appeals Council, she did so "without exceptions," and therefore she did not file written exceptions that would otherwise require her to exhaust the Appeals Council process.  Opposition at 3:20-23.   Plaintiff's argument, however, is without support.  Plaintiff's request for review asked the Appeals Council to review the ALJ's decision because plaintiff "disagree[d] with the Judge's decision."  That, on its face, appears to be a written exception sufficient to submit the matter to the Appeals Council.  Moreover, in *Gomez v. Astrue*, 2010 U.S. Dist. LEXIS 67586 (S.D. Cal. May 19, 2010), the district court dismissed a case for failure to exhaust when, following an ALJ's determination on remand from a district court, the plaintiff filed a "request for review" with the Appeals Council, and that request was still pending.

*Id*. at \*4.  The Court in *Gomez* sensibly equated a request for review with written exceptions specified in 404.984(b).  Plaintiff does not cite any authority to support her argument, much less authority that contradicts the courts' conclusions in *Duggan* or *Gomez*.

Finally, plaintiff argues that defendant's position "if followed to its logical conclusion, would authorize the Appeals Council to violate the due process rights afforded to social security claimants" by holding claims in suspension indefinitely with no possibility of judicial review.  Opposition at 4:19-22. Plaintiff notes that claimants rely on their benefits to afford day-to-day cost of living and argues that the Commissioner should not be able, as in this case, to sit on a request for review for over a year with no action and, thereby, cause irreparable harm to a claimant and unduly delay the claimant's ability to seek judicial review.  *Id*. at 5:2-5.

This Court is cognizant of the harm that can result from administrative delay, but also notes that there are procedures by which alleged violations of due process can be challenged through the courts without the need for exhaustion of administrative remedies.  *See, e.g., Johnson v. Shalala*, 2 F.3d 918 (9th Cir. 1993) (explaining that a disability benefit claim can be brought in district court without exhaustion of administrative remedies where a claim meets a three-part test demonstrating it is: (1) collateral to a substantive claim of entitlement, (2) colorable in its showing that denial of relief will cause irreparable harm, and (3) one whose resolution would not serve the purposes of exhaustion).  *Id.* at 921-23.  Plaintiff does not address the waiver doctrine or otherwise argue that her claim meets any of the prongs of the *Johnson* test.  Instead, plaintiff argues that the purposes of exhaustion would not be served in this case as plaintiff exhausted her administrative remedies in connection with her prior case in this Court.  The Court disagrees that the purposes of exhaustion would not be served in this case where, on remand, the ALJ reversed the prior decision providing partial relief to plaintiff and instead found plaintiff not disabled and not entitled to any benefits.  In these circumstances, the exhaustion of administrative remedies that plaintiff chose to initiate might be very useful.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss plaintiff's complaint for failure to exhaust her administrative remedies.  This dismissal is without prejudice to

plaintiff's ability to seek judicial review once the Appeals Council acts and there is a final decision.

**IT IS SO ORDERED.**

Dated: August 11, 2010

_____
SUSAN ILLSTON
United States District Judge